NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ESIP SERIES 1, LLC,**
*Plaintiff-Appellant*

**ESIP SERIES 2, LLC,**
*Plaintiff*

**v.**

**DOTERRA INTERNATIONAL, LLC,**
*Defendant*

**PUZHEN, LLC, PUZHEN LIFE USA, LLC,**
*Defendants-Appellees*

---

2021-2239, 2021-2343

---

Appeals from the United States District Court for the District of Utah in No. 2:15-cv-00779-RJS-DBP, Judge Robert J. Shelby.

---

Decided:  May 11, 2022

---

GORDON K. HILL, Pate Baird, South Jordan, UT, argued for plaintiff-appellant.  Also represented by ALMA JOHN PATE.

ELLIOT HALES, Dorsey & Whitney LLP, Salt Lake City, UT, argued for defendants-appellees.  Also represented by MARK A. MILLER.

_____

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

This is an appeal from a district court's summary judgment of non-infringement.  *ESIP Series 1, LLC v. doTerra Int'l, LLC*, No. 2:15-CV-00779-RJS, 2021 WL 3195178 (D. Utah July 28, 2021) (*Summary Judgment*).  ESIP owns U.S. Patent No. 7,878,418, which discloses an "Integrated, Essential-Oil Atomizer" apparatus and method for diffusing essential oils into an airstream.  ESIP sued Puzhen for infringement of claims 1, 2, and 14 of the '418 patent.

The asserted independent claims recite certain structural relationships between the air-flow-creating section of the overall apparatus and the atomizer section, the former creating an air stream that, by eduction, draws up oil particles and then blows the air/oil-particle mixture through an aperture into an atomizer chamber.  It suffices here to identify two claim limitations, though the district court addressed others as well.  First: The claims address the nozzle through which air emerges from the air-flow-creating section, requiring "a nozzle having a minimum effective diameter," with pressurized air discharged "therethrough and *into an aperture spaced therefrom* a distance of from about one to about 10 times the minimum effective diameter." '418 patent, col. 11, lines 51–55 (emphasis added); *id.*, col. 14, lines 33–36.  The district court construed that distance limitation to refer to the distance between the nozzle and "the nearest point of the aperture." *ESIP Series 1, LLC v. doTerra Int'l, LLC*, No. 2:15-CV-00779-RJS, 2021 WL 1516010, at *4–7 (D. Utah Apr. 16, 2021) (*Claim Construction*).  Second: The claims also require that the pump "anchor[]" the atomizer, '418 patent, col. 11, lines 47–50; *id.*,

col. 14, lines 20–22, which the court construed to mean that the pump "firmly secur[e]" the atomizer to the surface on which the overall apparatus sits. *Claim Construction*, 2021 WL 1516010, at *9–11. Based on those constructions, the district court found no genuine dispute of material fact of non-infringement and granted summary judgment for Puzhen. *Summary Judgment*, 2021 WL 3195178, at *5–7, *9–10. ESIP timely appeals.

We affirm. We agree with the district court's constructions of the "spaced therefrom" and "anchoring" limitations and also agree that summary judgment for Puzhen necessarily follows on the record made. The district court's constructions are supported by the specification and by the ordinary meaning of the claim terms used. And ESIP did not identify evidence from which a jury could reasonably find that the accused Puzhen devices come within either of these limitations. Because we uphold the district court's summary judgment for these two independent reasons, we need not address ESIP's remaining arguments.

**AFFIRMED**